# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 11-463
### Originally Filed: March 20, 2013
### Re-issued: April 18, 2013[1]

* * * * * * * * * * * * * * * * * * * * * * * * * *

PRESTON NIGEL SANKER, by     *
LESLIE SANKER, his mother and   *
next friend,      *
     Petitioner,      *     Stipulation; DTaP; Hib; IPV; Rotarix;
    v.      *    Encephalopathy; Attorney Fees and Costs
     *
SECRETARY OF HEALTH     *
AND HUMAN SERVICES,     *
     Respondent.      *

* * * * * * * * * * * * * * * * * * * * * * * * * *

## DECISION ON JOINT STIPULATION[2]

**Vowell**, Special Master:

     On July 18, 2011, Leslie Sanker ["petitioner"] filed a petition, on behalf of the Estate of Preston Nigel Sanker, for compensation under the National Vaccine Injury Compensation Program.[3] Petitioner alleges Preston suffered an encephalopathy and died as a result of the vaccinations he received on July 15, 2009.[4] Stipulation at ¶¶ 2, 4. Respondent denies that Preston's vaccinations caused him any injury and denies that his death is a result of vaccine-related injury. Stipulation at ¶ 6. Nevertheless, the parties have agreed to settle the case.

---

[1] Pursuant to a request by petitioner's counsel, Ms. Elaine Sharp, my March 20, 2013 decision was vacated on April 18, 2013. Ms. Sharp inadvertently did not include all of her fees and costs in her motion for fees and costs, and thus they were not included on the stipulation of facts concerning attorney fees and costs filed by the parties on February 5, 2013 or awarded in my March 20, 2013 decision.

[2] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[4] Preston received four vaccines on July 15, 2009: diphtheria-tetanus-acellular pertussis ["DTaP"], haemophilus influenzae type B ["Hib"], inactivated polio ["IPV"], and Rotarix vaccine. *See* Stipulation, filed March 20, 2013, at ¶ 1.

The parties filed a joint stipulation on March 20, 2013, agreeing to settle this case and describing the settlement terms. Respondent agrees to pay petitioner a lump sum payment of **$200,000.00** in the form of a check payable to petitioner, as legal representative of the Estate of Preston Nigel Sanker. The payment represents compensation for all damages that would be available under § 15(a). **The special master adopts the parties' stipulation attached hereto, and awards compensation in the amount and on the terms set forth therein.**

On February 5, 2013, the parties filed a stipulation of facts concerning attorney fees and costs. It notes that after informal discussions of petitioner's January 25, 2013 motion for attorney fees and costs petitioner requests an amended amount, $26.772.45, to which respondent has no objections. Pursuant to General Order #9, the stipulation also indicates petitioner incurred no personal litigation costs.

A decision awarding compensation and attorney fees and costs, in the amounts stipulated to by the parties, was issued on March 20, 2013. On April 17, 2013, the parties filed a second stipulation of facts concerning attorney fees and costs. It indicates that in early April 2013 petitioner's counsel informed respondent that some fees and costs were inadvertently omitted from her January 25, 2013 motion. After informal discussions and review of petitioner's new invoices, the parties have agreed to increase the attorney fees and cost award to $32,409.15.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to §§ 15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award the total $32,409.15[5] in the form of a check payable jointly to petitioner and petitioner's counsel of record, Elaine Whitfield Sharp, for petitioner's attorney fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/ Denise K. Vowell**
Denise K. Vowell
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

PRESTON NIGEL SANKER, by LESLIE  )
SANKER, His Mother and Next Friend,  )
)
Petitioner,  )
)
v.  )    No. 11-463V (ECF)
)    Special Master Vowell
SECRETARY OF HEALTH  )
AND HUMAN SERVICES,  )
)
Respondent.  )
)

## STIPULATION

The parties hereby stipulate to the following matters:

1.      On behalf of the Estate of Preston Nigel Sanker ("Nigel"), deceased, petitioner Leslie Sanker, as parent of Preston Nigel Sanker, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury, resulting in death, allegedly related to Preston's receipt of the diphtheria-tetanus-acellular pertussis, haemophilus influenzae type B, inactivated polio, pneumococcal conjugate, and Rotarix vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.      Preston received the vaccines on or about July 15, 2009.

3.      The vaccines were administered within the United States.

4.      Petitioner alleges that Preston suffered an encephalopathy and died as a result of the vaccinations he received on July 15, 2009.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of the Estate of Preston Nigel Sanker as a result of Preston's alleged injury, resulting in death.

6. Respondent denies that the vaccines received by Preston caused any injury; and denies that Preston's death occurred as the result of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $200,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Preston Nigel Sanker. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner represents that she presently is, or within 90 days of the date of

judgment will become, duly authorized to serve as legal representative of the Estate of Preston Nigel Sanker under the laws of the Commonwealth of Virginia. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Preston Nigel Sanker. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Preston Nigel Sanker at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Preston Nigel Sanker upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of the Estate of Preston Nigel Sanker, on behalf of herself and Preston's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Preston Nigel Sanker resulting from, or alleged to have resulted from, the vaccinations administered on or about July 15, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about July 18, 2011, in the United States Court of Federal Claims as petition No. 11-463V.

13. If the special master fails to issue a decision in complete conformity with the

3

terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines received by Preston Nigel Sanker caused him to suffer any injury or death; or that Preston's death occurred as the result of a vaccine-related injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the Estate of Preston Nigel Sanker.

END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

_Leslie Sanker_
LESLIE SANKER


ATTORNEY OF RECORD FOR
PETITIONER:

_Elaine Whitfield Sharp_
ELAINE WHITFIELD SHARP
196 Atlantic Avenue
Marblehead, MA 01945
(781) 639-1862


AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_N. C._
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
    Injury Compensation (DVIC)
Director, Countermeasures Injury
    Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
    and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857


Dated: _20 March 2013_

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_Vincent J. Matanoski_
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146


ATTORNEY OF RECORD FOR
RESPONDENT:

_Chrysovalantis P. Kifalas_
CHRYSOVALANTIS P. KIFALAS
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9197

5